UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AROOSTOOK COUNTY FEDERAL SAVINGS & LOAN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-00006-JAW ) |
| DAVID T. MARRETT, et al. | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTION TO REMAND**

Aroostook County Federal Saving & Loan (Aroostook), a chartered saving and loan institution, filed a complaint for foreclosure in state court against David T. Marrett and Sandy J. Marrett. The Marretts filed a counterclaim and removed the case to this Court. Three motions are now before the Court: Aroostook moves to remand the case back to state court, while the Marretts move to amend their pleadings and for entry of default against Aroostook. The Court grants the motion to remand because the Marretts did not timely remove the case. Because removal was untimely, there is no basis for federal jurisdiction and the Court dismisses the later-filed motions without prejudice.

I.   PROCEDURAL HISTORY

On January 7, 2022, Aroostook, a chartered saving and loan institution with a place a business in Caribou, county of Aroostook, state of Maine, filed a complaint for foreclosure against David T. Marrett and Sandy J. Marrett of Dayton, county of Montgomery, state of Ohio, seeking foreclosure of a parcel of land at 35 York Street,

Caribou, Maine. *Notice of Removal under 28 U.S.C. § 1331, 1332, 1337, 1367, 1441, and 1446* (*Notice of Removal*), Attach. 2, *Clerk's Cert. of Foreclosure* (*Clerk's Cert.*) (ECF No. 1).[1] Mr. and Ms. Marrett's attachments to the Notice of Removal establish that after Aroostook filed its foreclosure complaint, Mr. and Ms. Marrett answered and filed a counterclaim in state court against Aroostook dated March 11, 2022. *Notice of Removal*, Attach. 3, *Answer, Affirmative Defenses, and Countercl.* By reply dated March 25, 2022, Aroostook filed a reply to the counterclaim. *Notice of Removal*, Attach. 4, *Reply to Countercl.* The case proceeded in state court until January 5, 2023, when Mr. and Ms. Marrett filed a notice of removal to this court. *Notice of Removal* at 1-7.

On January 17, 2023, Aroostook moved to remand the case back to state court on the grounds that the Marretts did not timely remove the case. *Pl./Countercl. Def. Aroostook Cty. Federal Savings & Loan's Mot. to Remand* (ECF No. 6) (*Mot. to Remand*). On February 3, 2023 the Marretts filed a response to the motion to remand as well as a motion to amend their pleading in accordance with their counterclaim. *Defs.' Opp'n to Pl.'s Mot. to Remand and Mot. to Grant Defs.' Mot. to Leave to Am./Add Joiners Countercl.* (ECF No. 8); (*Mot. for Leave to Am./Add Joiners Countercl.* (ECF No. 9).

---

[1] David T. Marrett and Sandy J. Marrett filed a notice of removal in this court on January 5, 2023. *Notice of Removal* at 1-7. Although they labeled attachment one "Dated Copy of Original Complaint," they did not attach the complaint. Instead, they attached the Clerk's Certificate of Foreclosure. *Clerk's Cert.* at 1-3. As the Court is remanding the case to state court for lack of jurisdiction, the absence of the state court complaint is no longer an issue.

On February 8, 2023, the Marretts filed a motion for entry of default against Aroostook, *Mot. for Entry of Default* (ECF No. 10), and on February 14, 2023, the Court ordered them to show cause in support of that motion. *Order to Show Cause* (ECF No. 11). The Marretts did not respond to the Court's order.

On February 17, 2023, Aroostook filed a reply in support of its motion to remand. *Pl. and Countercl. Def., Aroostook Cty. Federal Savings & Loan's Reply in Supp. of its Mot. to Remand* (ECF No. 14). On February 23, 2023, Aroostook opposed the Marretts' motion to amend. *Pl./Countercl. Def., Aroostook Cty. Federal Savings & Loan's Opp'n to Defs.'/Countercl. Pls. Mot. for Leave to Am./Add Joiners Countercl.* (ECF No. 15). Finally, on March 13, 2023, Aroostook filed additional state court record documents. *Additional Attachs.* (ECF No. 16).

**II. DISCUSSION**

As a threshold matter, removal of an action from state court to federal court is proper only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction is upon the party who removed the case to federal court. *BIW Deceived v. Local S6, Indus. Union of Marine and Shipbuilding Workers of America*, 132 F.3d 824, 831 (1st Cir. 1997). Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Ambiguities "as to the source of law relied upon by the . . . plaintiffs ought to be resolved against removal." *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 11 (1st Cir. 2004). The Marretts assert that the Court has original jurisdiction under 28

3

U.S.C. § 1332 based on diversity jurisdiction and under §§ 1331 and 1337 based on federal claims asserted in their counterclaim. *Notice of Removal* at 5.

The Marretts' federal claims argument relies on federal claims pleaded in a counterclaim. *Id.* at 5 ("the Court has original jurisdiction . . . because the Amended Counterclaim alleges the following violations . . ."). However, the Marretts' assertion of federal jurisdiction based on allegations in their counterclaim is unavailing because "[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" and, "[i]n other words, federal jurisdiction cannot rest upon an actual or anticipated counterclaim." *KeyBank Nat'l Ass'n v. Katahdin Communs., Inc.*, No. CV-10-141-B-W, 2010 U.S. Dist. LEXIS 57445, at *4-5 (D. Me. June 9, 2010) (citation and internal quotations omitted); *see also Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) (explaining that "§ 1446 authorizes removal only by defendants and only on the basis of claims brought against them and not on the basis of counterclaims asserted by them"); *Rafter v. Stevenson*, 680 F. Supp. 2d 275, 279 (D. Me. 2010) (stating that "[a]n actual or anticipated counterclaim sounding in federal law . . . cannot create federal jurisdiction"). The federal claims pleaded in the Marretts' counterclaim cannot establish federal jurisdiction.

The Marretts also assert that removal is proper under 28 U.S.C. § 1332 based on diversity jurisdiction. *Notice of Removal* at 1. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens

4

of different States." 28 U.S.C. § 1332(a)(1). Both parties agree that these conditions are met—and have existed throughout the litigation—but disagree as to whether the Marretts filed a timely notice of removal. *See Mot. to Remand* at 4 ("This case was removable from [February 16, 2022] due to the existence of diversity jurisdiction").

The procedure for removal of civil actions is governed by 28 U.S.C. § 1446. Subsection (b)(1) states, in relevant part, that notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *Id.* Subsection (c)(1) states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.*

The Marretts acknowledge that Aroostook's complaint was filed on January 7, 2022, they were served on February 16, 2022, and they filed a notice of removal to this Court on January 5, 2023. *Opp'n to Mot. to Remand* at 1-3. The Marretts initially contended that removal was proper under 28 U.S.C. § 1446(c)(1) because they filed their notice within one year of the commencement of the action. *Notice of Removal* at 1. As Aroostook observed, however, § 1446(c)(1) only allows "removal later in the case if it was not removable as originally filed, but *becomes removable* due to an amendment or for other reasons," yet "[i]f the case was removable originally, and the defendant failed to remove it within thirty days, [the defendant] has lost the option of federal court." *Banco Popular de Puerto Rico v. Ramirez,* 280 F. Supp. 3d 316, 318

5

(D.P.R. 2017) (emphasis in original).  The purpose of the thirty-day provision is "to prescribe a uniform time frame, at the beginning of immediately removable actions, within which removal will be effected," and the goal of the thirty-day requirement is "early resolution of the court system in which the case will be heard."  14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3731 (2018 ed.).  Based on the timeline in this case, the Marretts failed to comply with the thirty-day removal requirement of § 1446(b)(1) and the case must be remanded to state court.

In their opposition, the Marretts pivot to arguing that, but for Aroostook's bad faith, they "would have likely . . . [removed] the action within the 30 days allotted under 28 U.S.C. § 1446(c)(1)."  *Opp'n to Mot. to Remand* at 2.  On its face, the bad faith provision of § 1446(c)(1) does not apply to this case.  The provision "establishes a one-year limit on removal of diversity cases, which runs from the 'commencement of the action' in state court."  *Ehrenreich v. Black*, 994 F. Supp. 2d 284, 287 (E.D.N.Y. 2014) (quoting 28 U.S.C. § 1446(c)(1)).  Section 1446(c)(1) creates a "narrow exception from the one-year limit . . . if 'the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.'"  *Id.* (quoting § 1446(c)(1)).  Thus, this "bad faith" provision applies only when the removing party has attempted to remove the state court action more than a year after the state court action has been commenced.  Here, the Marretts filed the notice of removal within one-year and therefore the bad faith provision of the statute do not apply.  Instead, the thirty-day provision of § 1446(b)(1) applies and the Marretts have failed to comply

6

with that provision and have therefore "lost the option of federal court." *Banco Popular*, 280 F. Supp. 3d at 318.

If the Court were to conclude (which it does not) that the bad faith provision somehow applied to this case, the record does not support the Marretts' claim of bad faith. Courts that have addressed bad faith under § 1446(c)(1) have looked for the defendant to demonstrate that the plaintiff engaged in "strategic gamesmanship to prevent a defendant's removal from state court." *Ehrenreich*, 994 F. Supp. 2d at 288. As the district court in Massachusetts observed, "[f]ederal courts have defined bad faith under § 1446(c)(1) as engaging in intentional conduct—action or inaction—to defeat removal." *Brown v. GlaxoSmithKline LLC (In re Zofran (Ondansetron) Prods. Liab. Litig.)*, MDL No. 1:15-md-2657-FDS; 1:19-cv-10647-FDS, 2019 U.S. Dist. LEXIS 998811, at *41 (D. Mass. June 13, 2019).

There is no evidence in this record of any strategic gamesmanship by Aroostook in this case. The only bad faith misconduct the Marretts appear to allege that impacted their ability to file a notice of removal is that they were not served with the complaint until February 16, 2022, 40 days after it was filed and "well after the 20 days to answer and the 30 days to Remove." *Id*. at 2-3. Aroostook replies that service was proper under Maine Rule of Civil Procedure 3, which requires the return of service to be filed within 90 days of filing the complaint; even if service was not proper, the Marretts offer no evidence of bad faith; and, § 1446(b)(1) does not include an exception for bad faith (unlike § 1446(c)(1)). *Reply in Supp. of Mot. to Remand* at 2-4.

7

The Marretts' arguments are unavailing. Aroostook initiated the action by filing a complaint, *Notice of Removal, Attach. 2, Clerk's Certificate of Foreclosure* at 1, the Marretts were served on February 16, 2022, *id.* at 3, and proof of service was filed on that day. *Reply in Supp. of Mot. to Remand* at 2-4. Contrary to the Marretts' contentions, this service of process complied with Maine Rule of Civil Procedure 3, which requires that, when the action is initiated by complaint, "the return of service shall be filed with the court within 90 days after the filing of the complaint." Moreover, even if service were improper (and there is no evidence it was), the Marretts have not shown evidence of bad faith.

Additionally, the Marretts assume that the thirty-day period for removal began upon the filing of the complaint in state court. It did not. Section 1446(b)(1) provides when the thirty-day period for removal begins:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Under this statute, the thirty-day period did not begin until the Marretts were served with the summons and the fact that there was a delay (as authorized by the Maine Civil Rules) in serving the Marretts had no affect on their ability to comply with the thirty-day requirement. More to the point, the delay in serving the Marretts with the complaint and summons cannot be evidence of Aroostook engaging in strategic gamesmanship to deprive the Marretts of the ability

8

to file a timely removal since the thirty-day period did not begin until they were served.

Finally, even if service was untimely, motivated by bad faith, and that bad faith could excuse untimely notice under § 1446(b)(1), it would not matter because the Marretts acknowledge receiving service on February 16, 2022, yet they did not file a notice of removal for another eleven months, on January 5, 2023. Even if the Marretts had been initially disadvantaged by delayed service of process, they were able to file an 18-page answer and counterclaim on March 14, 2022, *State Ct. R.* at 50-68 (ECF No. 7), and then on August 1, 2022, an 18-page motion to amend their counterclaim to add over a dozen counts against nearly 30 defendants. *Id.* at 99-116. They do not offer a satisfactory explanation for being unable to file a notice of removal until January 5, 2023, and, because removal statutes are to be strictly construed against removal, the Court concludes that the Marretts' notice of removal was untimely and the case must be remanded to the state court.

Because removal was untimely and the Court does not have jurisdiction over the case, it does not find it necessary or proper to resolve on the merits the Marretts' later-filed motions to amend and for entry of default, and dismisses them without prejudice.

## III. CONCLUSION

The Court GRANTS Aroostook County Federal Savings & Loan's Motion to Remand (ECF No. 6). The Court DISMISSES without prejudice David T. Marrett's and Sandy J. Marrett's Motion for Leave to Amend/Add Joiners Counterclaim (ECF

9

No. 9) and Motion for Entry of Default (ECF No. 10).  The Court REMANDS the case to Penobscot County Superior Court.

    SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of April, 2023