UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AROOSTOOK COUNTY FEDERAL SAVINGS & LOAN, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:23-cv-00006-JAW ) |
| DAVID T. MARRETT, et al. | ) ) ) |
| Defendants. | ) |

**ORDER ON MOTIONS FOR STAY AND FOR MORE DEFINITIVE STATEMENT**

On April 10, 2023, the Court granted Aroostook County Federal Saving & Loan's (Aroostook's) motion to remand this case back to state court because David T. Marrett and Sandy J. Marrett did not timely file a notice of removal and thus there was no basis for federal jurisdiction. *Order on Mot. to Remand* at 1 (ECF No. 17) (*Remand Order*). On May 9, 2023, the Marretts filed a motion asking the Court to stay the remand order pending appeal. *Emergency Mot. for Stay of Remand Order Pending Appeal and Pending Mot. for Sanctions* at 1 (ECF No. 19). Aroostook responded to the motion on May 17, 2023, opposing the Marretts' request. *Pl./Countercl. Def., Aroostook Cty. Federal Savings & Loan's Opp'n to Defs./Countercl. Pls.' Emergency Mot. for Stay of Remand Order Pending Appeal and Pending Mot. for Sanctions* (ECF No. 20). On May 23, 2023, the Marretts also filed a self-described emergency motion for a more definitive statement. *Emergency Mot. for a More Definitive Statement* (ECF No. 21) (*Mot. for More Definitive Statement*). The

Court denies the motion to stay and dismisses the emergency motion for more definitive statement.

The Court denies the Marretts' motion to stay the remand order pending appeal because the remand order is not appealable. The statute governing procedure after removal provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" except in specific circumstances not relevant here. 28 U.S.C. § 1447(d). The First Circuit recently has noted that "section 1447(d) generally bars appellate review of remand orders premised on a lack of subject matter jurisdiction or a defect in removal procedure." *Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 79 (1st Cir. 2021) (citation and internal quotation marks omitted); *see also BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1541 (2021) (§ 1447(d)'s "bar [against appeal] applies only to remand orders premised on a lack of subject matter jurisdiction or a defect in removal procedure; other remand orders remain appealable").

In this case, the remand order was premised entirely on "a defect in removal procedure"—specifically, the Marretts did not file their notice of removal for nearly eleven months after receiving service. *Remand Order* at 9. The Marretts have not identified any exceptions to § 1447(d) that would permit an appeal under these circumstances. Accordingly, under the Supreme Court's and First Circuit's interpretation of 28 U.S.C. § 1447(d), the remand order is not appealable. Because the order is not appealable, there is no reason to stay execution of that order pending appeal.

The Court also dismisses the Marretts' Emergency Motion for a More Definitive Statement for the same reasons described above and in its remand Order. The Court has held that there is no basis for jurisdiction and its remand Order is not appealable.

The Court DENIES David T. Marrett's and Sandy J. Marrett's Emergency Motion for Stay of Remand Order Pending Appeal and Pending Motion for Sanctions (ECF No. 19) and DISMISSES without prejudice David T. Marrett's and Sandy J. Marrett's Emergency Motion for a More Definitive Statement (ECF No. 21).

SO ORDERED

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2023